UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND BHAIRO,

      Plaintiff,

vs.

                            CASE NO. 8:22-cv-00375-JSM-CPT

GEOVERA SPECIALTY INSURANCE COMPANY,

      Defendant.

_____/

**<u>DEFENDANT, GEOVERA SPECIALTY INSURANCE COMPANY'S
MOTION TO ENFORCE SETTLEMENT</u>**

COMES NOW, the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, ("GeoVera") by and through its undersigned attorneys, and files this Motion to Enforce Settlement. In support thereof, Defendant states as follows:

**<u>BACKGROUND</u>**

1. On February 13, 2023, Plaintiff, Raymond Bhairo, and Defendant, GeoVera Specialty Insurance Company, reached an agreement to fully, finally, and globally settle all disputes at issue. *See* Doc. 25, Notice of Settlement.

2. The parties, by and through their respective counsel, discussed and agreed upon the material settlement terms. Specifically, on February 13, 2023, the undersigned counsel sent opposing counsel an e-mail confirming the agreed-upon terms. In that same e-mail, the undersigned counsel requested the settlement payment breakdown and advised, in part, that she would prepare the General Release of Claims upon receipt of the same:

1

> This e-mail confirms our conversation that we have reached a global settlement agreement . . .
>
> * * *
>
> Please send over your firm's W9 and the W9 for any other payees or lienholders, and the payment breakdown.
>
> Once I get that information, I'll prepare the General Release of Claims and will send that over for your review shortly.
>
> Upon your written confirmation of settlement, we will cancel today's deposition and the remaining depositions this week.

*Redacted E-Mail Correspondences, attached hereto as Composite Exhibit "A" at February 13, 2023 E-Mail.*

3. Plaintiff's counsel responded that same day, stating: "[i]n mediation, but yes confirmed to terms to cancel the depositions." *Composite Exhibit "A" and Plaintiff's Counsel's February 13, 2023 E-Mail.*

4. On January 13, 2023, Plaintiff's counsel's office filed a Notice of Settlement, advising the Court of the parties' agreement. *See* Doc. 25. Therein, Plaintiff advised the Court that the "parties are in the process of finalizing a formal settlement release agreement." Doc. 25 at p. 1.

5. On February 15, 2023, the Court entered an Order of Dismissal, stating, in relevant part, that it is:

> **ORDERED AND ADJUDGED** that this cause is hereby **DISMISSED** without prejudice and subject to the rights of the parties, within sixty (60) days of the date of this order, to submit a stipulated form of final order or judgment should they so choose **or** for any party to move to reopen the action, *upon good cause shown.* After that 60-day period, however, dismissal shall be with prejudice.

Doc. 26 (emphasis added).

6. Since the parties' agreement, the undersigned counsel has attempted to obtain Plaintiff's settlement breakdown, to no avail. Specifically, the undersigned counsel spoke with Mr. Lopez via telephone and sent follow-up e-mail correspondences to Plaintiff's counsel on February 17, 2023 February 21, 2023, February 27, 2023, March 6, 2023, March 10, 2023, March 20, 2023, March 27, 2023, and April 3, 2023. *See Composite Exhibit "A."*

7. To date, Plaintiff's counsel has yet to respond or provide the requested settlement payment breakdown.

8. As noted herein, the undersigned has contacted Plaintiff's counsel several times in a good faith effort to resolve this matter without court intervention. As of the date of this filing, Plaintiff has failed to provide the necessary payment information. Without this critical information, the undersigned counsel is unable to prepare the General Release of Claims for execution by Plaintiff, thereby delaying finalizing settlement in this matter.

## MEMORANDUM OF LAW

As a general principle, "[S]ettlements are highly favored as a means to conserve judicial resources, and will be enforced when it is possible to do so." *Treasure Coast, Inc. v. Ludlum Constr. Co., Inc.*, 760 So. 2d 232, 234 (Fla. 4th DCA 2000); *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994); *KCG, Inc. v. Rosen*, 730 So.2d 807 (Fla. 3rd DCA 1999); *Bateski v. Ransom*, 658 So. 2d 630, 631 (Fla. 2nd DCA 1995). This Court possesses the inherent authority to summarily enforce a settlement agreement. *Ford v. Citizens*

*& S. Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991). Because this is a diversity action, this Court must look to Florida law in determining whether an enforceable settlement agreement was reached in the first instance. *B.P. Prods. N. Am. v. Oakridge at Winegard, Inc.*, 469 F.Supp.2d 1128, 1132–33 (M.D. Fla. 2007). Settlements are governed by the principles of Florida contract law. *Schwartz v. Fla. Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987).

Florida courts deciding whether an enforceable contract exists apply an objective test. *Robbie v. City of Miami*, 469 So.2d 1384, 1385 (Fla. 1985) (noting that it matters not whether there was "the agreement of two minds in one intention, but on the agreement of two sets of external signs—not on the parties having meant the same thing but on their having said the same thing."). "The creation of a contract requires that there be mutual assent to a certain and definite proposition." *ABC Liquors, Inc. v. Centimark Corp.*, 967 So.2d 1053, 1056 (Fla. 5th DCA 2007). If a purported agreement leaves open its essential terms for future negotiation, or merely constitutes an agreement to agree, then there is no enforceable contract. *WrestleReunion, LLC v. Live Nation Television Holdings, Inc.*, No. 8:07-cv-2093-JDW-MAP, 2009 WL 2473686, at *4, (M.D. Fla. Aug. 11, 2009); *ABC Liquors*, 967 So.2d at 1056. Nevertheless, "what constitutes an essential term of a contract will vary widely according to the nature and complexity of each transaction and must be evaluated on a specific basis." *ABC Liquors*, 967 So.2d at 1056.

Acceptance of a settlement offer creates a legally binding and enforceable

contract. *Giovo v. McDonald*, 791 So. 2d 38, 40 (Fla. 2nd DCA 2001). Here, the parties entered into a binding agreement to globally settle all claims, including, but not limited to, claims for contractual damages, property damage, interest, costs, attorney fees, and claims for extra-contractual damages, or "bad faith" in the above-styled case. As set forth herein, there is no dispute that there is competent, substantial evidence of a meeting of the minds with respect to the terms of the settlement between the parties. *See Metro. Dade Cnty. v. Estate of Hernandez*, 591 So. 2d 1124, 1124 (Fla. 3rd DCA 1992).

As of the date of this Motion, however, Plaintiff has breached his legally binding and enforceable contract to settle by failing to provide the necessary settlement payment information in the above-styled lawsuit. As a result of Plaintiff's and his counsel's breach and failure to comply with the terms of the agreement between the parties, Defendant has had to incur, and continues to incur, attorneys' fees associated with its continued efforts to enforce the settlement of this matter in accordance with the terms and conditions agreed upon by counsel for the parties.

WHEREFORE, Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, respectfully requests that this Honorable Court enter an Order enforcing the settlement and compelling the Plaintiff to fully comply with the terms of the settlement agreement, compelling Plaintiff to provide the necessary settlement payment breakdown, and awarding Defendant attorneys' fees and costs associated with this Motion and for such other relief as the Court deems just and

proper.

## LOCAL RULE 3.01(G) CERTIFICATION

In accordance with Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, the undersigned certifies that she conferred with counsel for Plaintiff on March 27, 2023, in a good faith effort to resolve the issues presented and the relief sought by the filing of this Motion, and Plaintiff and Plaintiff's counsel disagree with the relief sought herein.

*PAGE INTENTIONALLY LEFT BLANK*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 11, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and was sent via E-Mail to:

**YOUR INSURANCE ATTORNEY, PLLC**
Joshua Lopez, Esquire
250 N. Orange Ave., Suite 605
Telephone: (407) 751-1371
Primary Email: jlopez@yourinsuranceattorney.com
Secondary Email: YIA16@Yourinsuranceattorney.com
Secondary Email: jkoliatsis@yourinsuranceattorney.com
Attorneys for Plaintiff

GORDON REES SCULLY MANSUKHANI

*s/ Christina M. Flores*
Christina M. Flores, Esquire
Florida Bar No. 125966
Kristina L. Marsh, Esquire
Florida Bar No. 311080
Primary: cflores@grsm.com
Primary: kmarsh@grsm.com
Secondary: kwarrington@grsm.com
Secondary: dbeauchamp@grsm.com
Secondary: TampaPleadings@grsm.com
100 S. Ashley Drive, Suite 1290
Tampa, FL 33602
Telephone: 813-444-9700
*Attorneys for Defendant,*
*GeoVera Specialty Insurance Company*