**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RAYMOND BHAIRO,

Plaintiff,

v. Case No: 8:22-cv-375-JSM-MRM

GEOVERA SPECIALTY INSURANCE COMPANY,

Defendant.

---

**ORDER**

THIS CAUSE comes before the Court on Defendant's Motion to Enforce Settlement filed on April 11, 2023 (Dkt. 27). Plaintiff failed to timely respond to the motion, so the motion is deemed unopposed pursuant to Local Rule 3.01(c). The motion is also granted on the merits because Defendant established that the parties executed a settlement agreement. Because Plaintiff did not file any opposition, the Court's discussion of this matter will be brief.

**DISCUSSION**

"[A] district court has jurisdiction to enforce settlement agreements when one party refuses to abide by the agreement prior to dismissal." *Le Bon Pain, Inc. v. Guyon & Co., Inc.*, 720 F. Supp. 983, 984 (S.D. Fla. 1989) (citing *Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987)); *see also Miles v. Northwestern Mut. Life Ins. Co.*, 677 F. Supp. 2d 1312, 1315 (M.D. Fla. 2009) (district court has inherent power to summarily enforce settlement agreements) (citing *Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991)); *Reed v. U.S.*, 717 F. Supp. 1511, 1514 (S.D. Fla. 1988) (district court retains

inherent authority to "summarily enforce a settlement agreement entered into by litigants while litigation is pending before it"), *aff'd*, *Reed ex rel. Reed v. U.S.*, 891 F.2d 878, 881 (11th Cir. 1990). Settlement agreements are highly favored, and will be enforced whenever possible. *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985); *accord Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) ("We favor and encourage settlements in order to conserve judicial resources."). The party seeking to enforce the settlement agreement bears the burden of showing that the opposing party assented to its terms. *Miles*, 677 F. Supp. 2d at 1315 (citing *Carroll v. Carroll*, 532 So. 2d 1109, 1109 (Fla. 4th DCA 1988)).

Here, Defendant met its burden of showing that Plaintiff "assented" to the settlement agreement. As stated in Defendant's motion, on February 13, 2023, Plaintiff, Raymond Bhairo, and Defendant, GeoVera Specialty Insurance Company, reached an agreement to "fully, finally, and globally settle all disputes at issue." *See* Dkt. 25, Notice of Settlement. The parties, by and through their respective counsel, discussed and agreed upon the material settlement terms. Indeed, the record reflects that on February 13, 2023, Defendant's counsel sent Plaintiff's counsel an e-mail confirming the agreed-upon terms. In that same e-mail, Defendant's counsel requested the settlement payment breakdown and advised, in part, that she would prepare the General Release of Claims upon receipt of the same. Notably, Plaintiff's counsel filed the Notice of Settlement, advising the Court of the parties' agreement. *See* Dkt. 25.

On February 15, 2023, the Court entered an Order of Dismissal, stating, in relevant part, that the parties could move within sixty days of the Order to reopen the case if necessary. Defendant filed its motion within that period of time. The motion attaches e-

mails between counsel, which clearly indicate that a settlement was reached. These e-mails also show that Defendant attempted to resolve this matter without Court intervention multiple times. The record reflects that, since the parties' agreement, Defendant's counsel attempted to obtain Plaintiff's settlement breakdown to no avail. Defendant's counsel sent follow-up e-mail correspondences to Plaintiff's counsel on February 17, 2023, February 21, 2023, February 27, 2023, March 6, 2023, March 10, 2023, March 20, 2023, March 27, 2023, and April 3, 2023. *See* Defendant's Composite Exhibit "A."

In sum, the Court concludes that the parties entered into a settlement agreement and the settlement agreement should be enforced.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Enforce Settlement (Dkt. 27) is GRANTED.
2. The Court hereby enforces the Settlement Agreement made by the parties on February 13, 2023.
3. Plaintiff shall comply with the terms of the Settlement Agreement and provide the necessary settlement payment breakdown to Defendant on or before June 5, 2023.
4. The Court reserves ruling on Defendant's request for attorneys' fees and costs because Defendant does not explain its legal entitlement to fees and costs. Defendant also does not state the amount of these fees and costs. Defendant may file a motion on this matter within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of May, 2023.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record